# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONETTE SCHWINGHAMMER,**

        Plaintiff,

  -vs-

**ALTO-SHAAM, Inc.,**

        Defendant.

Case No. 10-C-672

## DECISION AND ORDER

This Title VII claim represents Tonette Schwinghammer's ("Schwinghammer") creative and stubborn attempt to force a square peg into a round hole. In 2004, Schwinghammer was sexually harassed by Randy Avrit ("Avrit") on a bus trip to a Green Bay Packers football game. In 2005, Schwinghammer's employer, Alto-Shaam, Inc. ("Alto-Shaam"), hired Avrit for the position of Human Resources Manager. At work, Schwinghammer repeatedly complained about the hiring of Avrit and the fact that he had sexually harassed her on the bus trip. Schwinghammer was eventually fired. She contends that her termination and other adverse employment actions were in retaliation for her complaints about Avrit's conduct on the bus trip. Alto-Shaam moves to dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint must plead enough facts to state a plausible claim, a complaint can also

plead too much by "pleading facts that establish an impenetrable defense . . ." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). "A plaintiff 'pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.' If the plaintiff voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief." *Id.* (quoting *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)).

Title VII makes it an unlawful employment practice to discriminate against an employee because he has "*opposed any practice made an unlawful employment practice by this subchapter*, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a) (emphasis added). Schwinghammer proceeds under the "opposition" clause, and by doing so, it is immediately apparent that her claim must fail. When complaining about Avrit's conduct on the 2004 bus trip, Schwinghammer was not opposing an unlawful employment practice. Avrit was not employed by Alto-Shaam at that time, so his conduct during the bus trip has no connection to his eventual employment relationship with Alto-Shaam. "The plaintiff must not only have a subjective (sincere, good faith) belief that he opposed an unlawful practice; his belief must also be objectively reasonable, which means that the complaint must involve discrimination that is prohibited by Title VII." *Hamner v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 224 F.3d 701, 707 (7th Cir. 2000); *Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 135 (2d Cir. 1999) ("Wimmer's claim of retaliation

is not cognizable under Title VII because his opposition was not directed at an unlawful *employment practice* of his employer") (emphasis in original).

Schwinghammer argues that her belief was objectively reasonable because sexual harassment is the type of conduct generally prohibited by Title VII. *Cf. Magyar v. St. Joseph Reg'l Med. Ctr.*, 544 F.3d 766, 771 (7th Cir. 2008) ("The objective reasonableness of the belief is not assessed by examining whether the conduct [sexual harassment] was persistent or severe enough to be unlawful, but merely whether it falls into the *category* of conduct prohibited by the statute" ) (emphasis added). Schwinghammer's gloss on this aspect of the caselaw is misleading. It is true that to succeed on a retaliation claim, it is unnecessary for an employee to succeed on a separate claim about the offending conduct. *See, e.g., Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1457-58 (7th Cir. 1994). "That means, for example, that even if the degree of discrimination does not reach a level where it affects the terms and conditions of employment, if the employee complains and the employer fires him because of the complaint, the retaliation claim could still be valid." *Hamner*, 224 F.3d at 707. But this does not mean that an employee is protected from retaliation when complaining about conduct that categorically and as a matter of law is not an "unlawful employment practice" under Title VII. *Id.* ("If a plaintiff opposed conduct that was not proscribed by Title VII, no matter how frequent or severe, then his sincere belief that he opposed an unlawful practice cannot be reasonable"); *Crowley v. Prince George's Cnty.*, 890 F.2d 683, 687 (4th Cir. 1989) ("Crowley complains, however, not that he has been retaliated against for investigating discriminatory *employment* practices within the police department, but for investigating

instances of racial harassment perpetrated by police officers against members of the community. Such a claim simply is not cognizable under Title VII") (emphasis added).

Schwinghammer also brings a state law claim for negligent retention and supervision. The "general rule is that when as here the federal claim drops out before trial (here *way* before trial), the federal district court should relinquish jurisdiction over the supplemental claim." *Van Harken v. City of Chi.*, 103 F.3d 1346, 1354 (7th Cir. 1997); 28 U.S.C. § 1367(c)(3). The presumption in favor of dismissal is strong because once the federal claims give way, "respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 728 (7th Cir. 1998). An exception exists when it is "obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007). If an "interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case." *Van Harken*, 103 F.3d at 1354.

Alto-Shaam argues that Schwinghammer's state law claim is barred by the exclusive remedy provisions of Wisconsin's Worker's Compensation Act. Wis. Stats. § 102.03(2); *Johnson v. Hondo, Inc.*, 125 F.3d 408, 418 (7th Cir. 1997) (claims for negligent supervision and retention against one's employer fall "squarely within the reach of § 102.03(2)"). However, this is not an obvious result because at least some of Schwinghammer's alleged injuries arose in the context of her termination, not during the course of her employment.

-4-

Complaint, ¶¶ 61-65. The Wisconsin Court of Appeals recently suggested, but did not hold, that such a distinction is irrelevant. *Farady-Sultze v. Aurora Med. Ctr. of Oshkosh, Inc.*, 787 N.W.2d 433, 437 (Wis. Ct. App. 2010) ("assuming arguendo" that an action may not be barred when the injuries arise in the context of termination rather than employment, plaintiff's injuries occurred "while she was still employed and before termination," so the distinction "is not found on the facts here"). The Court would want a stronger indication, preferably from the state's highest court, before reaching the merits of supplementary state law claims when the federal claims are dismissed before trial.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Alto-Shaam's motion to dismiss [D. 4] is **GRANTED**; and

2. This matter is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**